O & W LINES, INC., Plaintiff, *v.* ELIZABETH ST. JOHN et al., Defendants.

Third Department, July 7, 1966.

146

*Francis R. Paternoster* and *Vernon Murphy* for plaintiff.

*Henry Temes* for defendants.

*Weiss & Costa* (*Lawrence E. Lagarenne* of counsel), for Hartwood Syndicate, Inc., *amicus curiæ*.

AULISI, J. This action, submitted to us upon an agreed statement of facts for initial determination, pursuant to CPLR 3222, presents the question whether a deed to a railroad company dated in 1869 conveyed a fee which could be conveyed by the receivers of the now defunct railroad in 1957 or whether something less than a fee was conveyed so that a reversionary interest lies in the heirs of the original grantors.

By deed dated September 18, 1869 Frederick M. St. John and his wife conveyed a parcel of real estate to the Monticello and Port Jervis Railroad Company. The parcel contained about three and three-quarters acres near Monticello in Sullivan County. The habendum clause of the deed stated: "With the appurtenances and all the estate title and interest of the parties of the first part therein to have and to hold the same unto the said party of the second part its successors and assigns to the same extent and effects as if title to the same had been acquired under and pursuant to the provisions of the act entitled an act to authorize the formation of Rail Road Corporations and to regulate the same passed April 2nd, 1850 and the acts amendatory thereof". The 1850 law provided that, following an

appraisal and judgment of condemnation '' the company shall be entitled to enter upon, take possession of, and use the said land for the purposes of its incorporation, during the continuance of its corporate existence, by virtue of this or any other act; and all persons who have been made parties to the proceedings shall be divested and barred of all right, estate and interest in such real estate, during the corporate existence of the company as aforesaid.'' (L. 1850, ch. 140, § 18.) In 1854, this had been amended to provide '' all lands acquired by any railroad company by appraisal, for passenger and freight depots, shall be held by such company in fee ''. (L. 1854, ch. 282, § 17.) The parties here have stipulated that an undetermined portion of the parcel was used for depot purposes and an undetermined portion for right of way purposes. Plaintiff is the latest successor to the Monticello and Port Jervis Railroad, which ended its corporate existence about 1886. The parcel was used for railroad purposes by successor companies until 1957 when operations ceased. Defendants are the living heirs of Frederick M. St. John and claim an interest in the parcel.

The deed did not state the purpose to which the premises were to be put and it is contended by plaintiff that it must be construed as a grant in fee. Since the deed was voluntary, the question is one of the intention expressed therein (see *Corning v. Lehigh Val. R. R. Co.*, 14 A D 2d 156). The deed which by reference incorporated the condemnation provisions of the railroad law, itself describes a three and three-quarters acre parcel completely bounded, and considering its size, shape, its location (apparently in a village) and the fact that it was actually so used, lead to no other conclusion but that indeed this land was purchased for depot purposes. '' Depot '' would, of course, include such tracks, platforms, etc., as are normally incidental to a railroad depot (see *Crouch v. State of New York*, 218 App. Div. 356). It is, therefore, our opinion that the deed must be construed to have granted a fee. We need not consider plaintiff's other contentions.

Judgment should be directed in favor of the plaintiff against the defendants.

GIBSON, P. J., REYNOLDS, TAYLOR and STALEY, JR., JJ., concur.

Judgment directed in favor of plaintiff against defendants, without costs.